IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PDS HOTSPOT CORP., PRASAD BANDHU, GLASSPORT HOTSPOT, LLC, and BANDHU BROS, INC., <br><br> Appellants, <br><br> vs. <br><br> LISA M. SWOPE, ESQ., TRUSTEE OF THE BANKRUPTCY ESTATE OF PDS HOTSPOT CORP., <br><br> Appellee. | Civil No. 18-285 |

## MEMORANDUM ORDER

Pending before the Court is the Motion to Quash Election to Appeal and Notice of Appeal filed on behalf of the appellee, Lisa M. Swope, Esq., trustee of the bankruptcy estate of PDS Hotspot Corp. ("the Trustee"). For the reasons set forth below, the Motion will be granted.

I.  **Procedural and factual background**

The underlying action was commenced by the Debtor, PDS Hotspot Corp. ("PDS Hotspot"), filing a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the U.S. Code, 11 U.S.C. §101, et seq. (the "Code"), with the United States Bankruptcy Court for the Western District of Pennsylvania on January 5, 2012. (Bankr. Case No. 12-20032, Doc. No. 1). On June 16, 2015, the case was converted to a Chapter 7 bankruptcy, and the Trustee was appointed pursuant to §702(d) of the Code. (Id. at Doc. Nos. 218-219).

On December 6, 2017, the Bankruptcy Court entered an order approving the sale of property, commonly known as 505 E. State Street, Sharon, PA 16146 ("the Property"), free and clear of all liens and encumbrances. (Id. at Doc. No. 325; ECF No. 1). On December 20, 2017, a

motion for reconsideration was filed on behalf of appellant Prasad Bandhu ("Bandhu"), an interested person. (Bankr. Case No. 12-20032, Doc. No. 331; ECF No. 1). A hearing was held on the motion and on January 30, 2018, by order of court, the bankruptcy court denied appellant Bandhu's motion for reconsideration ("the January 30, 2018 Order"). (Bankr. Case No. 12-20032, Doc. No. 339; ECF No. 1).

On February 14, 2018, a Notice of Appeal cover sheet and a Notice of Appeal and Statement of Election were filed on behalf of appellant Bandhu with respect to the January 30, 2018 Order. (Bankr. Case No. 12-20032, Doc. Nos. 346-347). On February 15, 2018, by text orders, the bankruptcy court ordered that Bandhu's Notice of Appeal cover sheet and Notice of Appeal and Statement of Election would be "stricken without prejudice," due to procedural defects, unless certain corrective action was taken no later than February 23, 2018. (Id. at Doc. Nos. 348 and 349). On February 27, 2018, a Notice of Appeal and Statement of Election was filed on behalf of Bandhu. (Id. at Doc. No. 361). On February 27, 2018, by text order, the bankruptcy court again ordered that Bandhu's Notice of Appeal and Statement of Election would be "stricken without prejudice," for procedural defects, unless certain corrective action was taken no later than March 7, 2018. (Id. at Doc. No. 370). On March 4, 2018, a copy of a Civil Cover Sheet from this Court, which indicated an appeal would be filed with this Court, and a Notice of Appeal and Statement of Election was filed on behalf of the Appellants. (Id. at Doc. Nos. 375-376; ECF No. 1).

On March 6, 2018, Appellants' Notice of Appeal was filed with this Court. (ECF No. 1). This Court has jurisdiction over the instant appeal pursuant to 28 U.S.C. § 158(a). A district court sits as an appellate court in bankruptcy proceedings. In re Michael, 699 F.3d 305, 308 n.2 (3d Cir. 2012); see also In re Professional Insurance Management, 285 F.3d 268 (3d Cir. 2002)

2

(a district court's jurisdiction is proper as an appeal of the final order of the bankruptcy court under 28 U.S.C. §158(a)).

On March 19, 2018, the Trustee filed the pending Motion to Quash Election to Appeal and Notice of Appeal. (ECF No. 2-1). On March 28, 2018, the Court ordered that a response to the Trustee's Motion to Quash Election to Appeal and Notice of Appeal be filed no later than April 6, 2018. (ECF No. 3). To date, a response has not been filed by Appellants.

**II.     Legal Analysis**

In her motion to quash, the Trustee asks the Court to quash the Election to Appeal, filed at Doc. 347 of the Bankruptcy Court docket, and the Notice of Appeal, filed at Doc. 361 of the Bankruptcy Court docket, and all documents related thereto, because the appeal was not timely filed as mandated by Fed. R. Bankr. P 8002. (ECF No. 2-1 at 3). Fed. R. Bankr. P. 8002(a)(1) provides: "Except as provided in subdivisions (b) and (c),[1] a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). Further, pursuant to Fed. R. Bankr. P. 8002(d), "[e]xcept as provided in subdivision (d)(2),[2] the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: [1] within the time prescribed by this rule; or [2] within 21 days after that time, if the party shows excusable neglect," and "[n]o extension of time may exceed 21 days after the time prescribed by this rule, or 14 days after the order granting the motion to extend time is entered, whichever is later." Fed. R. Bankr. P. 8002(d)(1) and (3).

In <u>Garrett v. JPMorgan Chase Bank et al.</u>, Civ. No. 17-0352, 2017 WL 1519505 (M.D. Pa. April 27, 2017), the district court was faced with the same issue faced by this Court, whether

---

[1] Neither of the exceptions listed in Fed. R. Bankr. P. 8002(b) or (c) are applicable in this matter.
[2] None the exceptions listed in Fed. R. Bankr. P. 8002(d)(2) are applicable in this matter.

to grant a motion to quash an untimely filed notice of appeal in a bankruptcy appeal. In determining whether to grant the appellees' motion to quash and dismiss the appellant's bankruptcy appeal for lack of subject matter jurisdiction over the appeal, the court explained:

> District Courts have jurisdiction over final judgments, orders, and decrees of a bankruptcy court. 28 U.S.C. § 158(a)(1). In order to obtain jurisdiction, however, Rule 8002 provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). This rule is strictly construed. Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997). The fourteen day requirement is mandatory and jurisdictional; it cannot be waived. In re Caterbone, 640 F.3d 108, 110, 112 (3d Cir. 2011). "The failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review." Shareholders, 109 F.3d at 879.
>
> The court can extend the Rule 8002 deadline in two circumstances: (1) where the appellant requests an extension before the deadline or (2) where the appellant requests an extension within twenty-one days after the deadline upon a showing of "excusable neglect." FED. R. BANKR. P. 8002(d). The court cannot make a finding of excusable neglect after the twenty-one day timeline set forth in the rule has passed. In re Caterbone, 640 F.3d at 113–114; Shareholders, 109 F.3d 879. Thus, failure to meet deadlines will be fatal to an appellant's bankruptcy appeal.

Garrett, 2017 WL 1519505, at *1-2 (footnote omitted). Ultimately, the Garrett court granted the appellees' motion to quash and dismissed the bankruptcy appeal for lack of subject matter jurisdiction because the appellant had not requested an extension either before the original deadline or within twenty-one days after the original deadline on the basis of excusable neglect. Id. at *2.

Based upon Appellants' failure to file a response to the Trustee's motion to quash, Appellants have seemingly conceded that the Trustee's motion to quash should be granted. See In re Wilmington Trust Sec. Litig., Civ. No. 10-990-SLR-SRF, 2017 WL 2467059, at *2 (D. Del. June 7, 2017) ("When a responding party fails to defend against an issue which is the subject of a motion, courts consistently construe the failure to respond as an abandonment of the issue or a concession that the moving party is correct.") (citation omitted). Further, if Appellants had filed

4

a response to the Trustee's motion to quash, for the following reasons, the Court still would grant the motion to quash because Appellants did not timely file their appeal of the bankruptcy court's January 30, 2018 Order.

Appeals from bankruptcy court orders and judgments "shall be taken ... in the time provided by Rule 8002 of the Bankruptcy Rules." See 28 U.S.C. § 158(c)(2). "The taking of a civil appeal," such as an appeal from an order of a bankruptcy court, "'within the prescribed time is mandatory and jurisdictional'." In re 40 Lakeview Drive, LLC, --F. App'x. --, 2018 WL 1531417, at *2 (3d Cir. Mar. 28, 2018) (quoting Bowles v. Russell, 551 U.S. 205, 209 (2007)).

The Court will first address the Trustee's request that the Court quash the Election to Appeal filed on behalf of Bandhu on February 14, 2018, at Doc. 347 of the Bankruptcy Court docket, and related documents. The bankruptcy court issued its order denying Bandhu's motion for reconsideration of its order approving the sale of the Property on January 30, 2018. (Bankr. Case No. 12-20032, Doc. No. 339; ECF No. 1). Pursuant to Fed. R. Bankr. P. 8002(a)(1), Bandhu had fourteen days, or until February 13, 2018, to file a notice of appeal of the January 30, 2018 Order with the bankruptcy clerk. He did not file a notice of appeal by February 13, 2018. Rather, a Notice of Appeal cover sheet and a Notice of Appeal and Statement of Election was untimely filed on behalf of Bandhu with respect to the January 30, 2018 Order on February 14, 2018, fifteen days after the January 30, 2018 Order was issued. (Bankr. Case No. 12-20032, Doc. Nos. 346-347). Bandhu also could have filed a motion with the bankruptcy court before February 13, 2018, asking for additional time to filing the appeal. See Fed. R. Bankr. P. 8002(d)(1)(A). He did not do so. Finally, if Bandhu was able to show "excusable neglect" for not timely filing the appeal by February 13, 2018, as required by Fed. R. Bankr. P. 8002(a)(1), Bandhu could have, within twenty-one days after the February 13, 2018 deadline, i.e., on or

before March 6, 2018, requested additional time to file his notice of appeal. See Fed. R. Bankr. P. 8002(d)(1)(B). Again, he did not do so. Accordingly, because the Notice of Appeal cover sheet and Notice of Appeal and Statement of Election, filed on behalf of Bandhu on February 14, 2018, were not timely filed as required by Fed. R. Bankr. P. 8002(a), and Bandhu did not timely file a motion requesting additional time to file the Notice of Appeal, as permitted by Fed. R. Bankr. P. 8002(d), the Trustee's motion to quash the February 14, 2018 Election to Appeal, filed at Doc. 347 of the Bankruptcy Court docket, and related documents, shall be granted.

The Trustee also requests that the Court quash the Notice of Appeal and related documents filed on behalf of Bandhu on February 27, 2018 at Doc. 361 of the Bankruptcy Court docket. The February 27, 2018 Notice of Appeal was filed on behalf of Bandhu in response to the bankruptcy court's February 15, 2018 text order wherein the court ordered that Bandhu's Notice of Appeal, filed on February 14, 2018, would be "stricken without prejudice," due to procedural defects, unless certain corrective action was taken no later than February 23, 2018. (Bankr. Case No. 12-20032, Doc. Nos. 348 and 349).

Such an analysis, arguably, is not necessary since Bandhu neither timely filed his initial Notice of Appeal of the January 30, 2018 Order, as required by Fed. R. Bankr. P. 8002(a), nor timely filed a motion requesting additional time to file his notice of appeal of the January 30, 2018 Order, as permitted by Fed. R. Bankr. P. 8002(d). Assuming *arguendo*, however, that it is necessary to address the Trustee's contention that the "corrected" Notice of Appeal, filed on behalf of Bandhu on February 27, 2018, at Doc. 361 of the Bankruptcy Court docket, and related documents should be quashed, the Court agrees that the February 27, 2018 "corrected" Notice of Appeal and related documents should be quashed. By court order dated February 15, 2018, Bandhu was given additional time, until February 23, 2018, to file the correct documentation to

6

perfect his appeal. He did not meet the February 23, 2018 deadline. Bandhu also did not timely file a motion, as permitted by Fed. R. Bankr. P 8002(d), to have additional time to file a "corrected" Notice of Appeal and related documents. Accordingly, the Trustee's motion to quash the February 27, 2018 Notice of Appeal, filed at Doc. 361 of the Bankruptcy Court docket, and related documents, shall be granted.

**III.    Conclusion.**

In conclusion, because Bandhu did not timely file a notice of appeal as to the Bankruptcy Court's January 30, 2018 Order, as required by Fed. R. Bankr. P. 8002(a), and did not timely file a motion requesting additional time to file his notice of appeal of the January 30, 2018 Order, as permitted by Fed. R. Bankr. P. 8002(d), the Trustee's Motion to Quash Election to Appeal and Notice of Appeal [ECF No. 2-1] must be granted. Furthermore, because that any attempt by Appellants to appeal the Bankruptcy Court's January 30, 2018 Order would be untimely, the Court shall dismiss Appellants' bankruptcy appeal with prejudice based upon the Court's lack of subject matter jurisdiction over the appeal. See Shareholders, 109 F.3d at 879 ("The failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review"); Garrett, 2017 WL 1519505, at *2 ("failure to meet deadlines will be fatal to an appellant's bankruptcy appeal"). An appropriate order follows:

**ORDER**

AND NOW, this 13th day of April, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that the Trustee's Motion to Quash Election to Appeal and Notice of Appeal [ECF No. 2-1] is GRANTED and the Election to Appeal at Doc. 347 of the Bankruptcy Court's docket and the Notice of Appeal at Doc. 361 of the Bankruptcy Court's docket, and related documents, shall be quashed.

It is further ORDERED, ADJUDGED, and DECREED that this bankruptcy appeal is DISMISSED WITH PREJUDICE as the Court lacks subject matter jurisdiction over the appeal. The Clerk shall mark this case CLOSED.

/s/ Arthur J. Schwab
Arthur J. Schwab
Senior United States District Judge